# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WLLLIAM BLUE,<br><br>        Petitioner,<br><br>        v.<br><br>THOMAS CAREY,<br><br>        Respondent. | Case No. LA CV 01-7970 CJC (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition ("FAP"), the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's Objections to the R&R, and the remaining record, and has made a *de novo* determination.

      Petitioner's Objections generally reiterate the arguments made in the FAP and Petitioner's supporting memorandum, and lack merit for the reasons set forth in the R&R.  There is one issue, however, that warrants brief amplification here.

      In his Objections, Petitioner contends that the Magistrate Judge did not give sufficient weight to evidence of Petitioner's alleged incompetence, namely, a pretrial psychological report prepared by Dr. Vianne Castellano.  (Objections at 12-16.)

Dr. Castellano "concluded that Petitioner was among other things dissociating and hallucinating." (*Id.* at 16.) Making a leap, Petitioner conclusorily asserts that Dr. Castellano's findings "mandated competency proceedings." (*Id.* at 14.)

The Court disagrees.

As a general matter, when reviewing a procedural incompetence claim, the Court considers whether the trial judge was presented with "substantial evidence" of incompetence, *i.e.*, substantial evidence that the petitioner was unable to meaningfully consult with his lawyer, or lacked a rational or factual understanding of the proceedings against him. *Davis v. Woodford*, 384 F.3d 628, 644-45 (9th Cir. 2003).

Here, Petitioner has presented evidence that Petitioner was mentally ill at the time of Dr. Castellano's evaluation.[1]

However, "mental illness does not necessarily equate to incompetence." *Grant v. Brown*, 312 F. App'x 71, 73 (9th Cir. 2009); *see also Boyde v. Brown*, 404 F.3d 1159, 1166 (9th Cir. 2005) (concluding that "major depression" and "paranoid delusions" do not necessarily raise a doubt regarding a defendant's incompetence). While Petitioner may have suffered from delusions at the time of Dr. Castellano's evaluation, the record contains no evidence of delusional thinking that would have prevented Petitioner from meaningfully consulting with his attorney, or understanding the proceedings against him. *Compare Torres v. Prunty*, 223 F.3d 1103, 1109 (9th Cir. 2000) (finding that competency hearing was required where petitioner believed his trial attorney was part of greater conspiracy against him). Nor does Petitioner identify any evidence that he behaved irrationally or erratically during his trial. *See Boag v. Raines*, 769 F.2d 1341, 1343 (9th Cir. 1985) ("In cases finding sufficient evidence of incompetency, the petitioners have been able to show either extremely erratic and

---

[1] Notably, the trial court subsequently appointed another psychiatrist, Dr. Kaushal Sharma, to conduct a second evaluation of Petitioner. (Clerk's Transcript at 19.) The state court records, which Respondent lodged in March 2002, do not include a copy of Dr. Sharma's report. However, Petitioner admits that Dr. Sharma disagreed with Dr. Castellano's findings and concluded that Petitioner was malingering. [Dkt. No. 59 at 11-12.]

1 | irrational behavior during the course of the trial, or lengthy histories of acute psychosis
2 | and psychiatric treatment." (citations omitted)). To the contrary, as the Magistrate
3 | Judge observed, the record reflects several lucid and intelligent exchanges between the
4 | trial court and Petitioner. (Reporter's Transcript at 7, 8, 12.) Likewise, during his trial
5 | testimony, Petitioner responded coherently and appropriately to the questions posed by
6 | his counsel. (*See id.* at 104-10); *see also United States v. Garza*, 751 F.3d 1130, 1136
7 | (9th Cir. 2014) ("Even a mentally deranged defendant is out of luck if there is no
8 | indication that he failed to understand or assist in his criminal proceedings.").

9 | In sum, the Court finds that the trial judge was not presented with "substantial
10 | evidence" of Petitioner's incompetence. *See Davis*, 384 F.3d at 646 (while petitioner
11 | may have been depressed, his history, statements and conduct did not approach the
12 | "overwhelming indications of incompetence" present in case law establishing the *sua*
13 | *sponte* duty to hold a competency hearing).

14 | As such, Petitioner has failed to meet his burden of showing that there was no
15 | reasonable basis for the California Supreme Court to deny his procedural
16 | incompetence claim. *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the First Amended Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the R&R and above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: June 16, 2016

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE